## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**DR. KAREN WILLIAMS,**

        **Plaintiff,**

        **v.**

                                **Civil Action No.  AW-04-3369**

**NORTH AMERICAN PARTNERS IN
ANESTHESIA (MARYLAND), LLC**

        **Defendant.**

---

### MEMORANDUM OPINION

This breach of contract action arises out of settlement negotiations between counsel for Plaintiff employee Dr. Karen Williams ("Plaintiff" or "Williams") and counsel for Defendant employer North American Partners in Anesthesia (Maryland), LLC ("Defendant" or "NAPA"). Plaintiff seeks to enforce what she claims is a binding settlement agreement.  Currently before the Court is Defendant's Motion to Dismiss [8] Counts I, III, and IV of Plaintiff's Complaint, and to Dismiss Count II of Plaintiff's Complaint to the extent that it seeks treble damages, costs, and attorney's fees pursuant to the Maryland Wage Payment and Collection Law, §3-507.1 (Md. Code Ann., Lab. & Empl. §3-507.1 (1999)).  The motion has been fully briefed by the parties and is ripe for consideration.  No hearing is deemed necessary.  See Local Rule 105.6 (D. Md. 2004).  For the reasons to follow, the Court will deny Defendant's Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant.  On July 1, 2002, Williams, a 50 year-old African-American woman, was hired as Medical Director and Regional Vice

President of NAPA.  Beginning in December 2003, the employment relationship between Plaintiff and Defendant deteriorated.  Williams claims that her authority was undermined, that she was excluded from meetings, and that she had personnel disputes with NAPA.  NAPA counters that Williams sought to negotiate a severance package with NAPA in June 2004 because the termination of her employment seemed imminent.

In May 2004, Williams retained counsel to negotiate the termination of her employment with NAPA.  In June 2004, attorneys for the parties began settlement discussions.  Williams asserts that, on June 24, 2004, the parties reached an agreement during the course of settlement negotiations whereby NAPA would pay Williams $198,000 in severance and benefits in exchange for her resignation and release of NAPA from all of her employment-related claims.  On June 25, 2004, Williams signed and executed this settlement agreement ("Release Agreement") and resigned her position with NAPA.

In conjunction with executing the Release Agreement, Williams asked NAPA when it intended to issue her final pay check, quarterly stipend, and bonus for call pay.  Williams maintains that the parties had previously agreed that these items were owed to her and were separate from any settlement agreement. NAPA on the other hand, characterizes Williams's request as an attempt to negotiate more lucrative settlement terms, and argues that her inquiry served to negate any settlement agreement.

On September 13, 2004, Williams filed her Complaint against NAPA in the Circuit Court for Montgomery County, Maryland, alleging breach of contract, violation of the Maryland Wage Payment and Collection Law, promissory estoppel, and fraud.  In her Complaint, Williams seeks to enforce the aforementioned Release Agreement.  Williams also seeks payment of wages and damages under the Maryland Wage Payment and Collection Law, as she alleges that NAPA did not pay her (1) for her work

2

performed June 22, 2004 through June 24, 2004, (2) her quarterly stipend, and (3) her call pay for the second quarter of 2004.

On October 18, 2004, NAPA removed the action to this federal Court on the basis of diversity jurisdiction.  It is NAPA's position that Williams never worked June 22, 2004 through June 24, 2004, and that the parties never reached an enforceable settlement agreement.  On November 1, 2004, Defendant filed the instant Motion to Dismiss.  NAPA has attached to its Motion to Dismiss the following exhibits to demonstrate there was no agreement:  (1) the Release Agreement; (2) an e-mail ("E-mail") from Defendant's counsel to Plaintiff's counsel; and (3) a letter from Plaintiff's counsel to Defendant's counsel. Defendant's Motion to Dismiss is ripe for review, and a judgment is now issued.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of plaintiff's complaint.  See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  Accordingly, a Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  Ibarra v. United States, 120 F.3d 472, 473 (1997).  The Court need not, however, accept:  (1) unsupported legal allegations; (2) legal conclusions couched as factual allegations; or (3) conclusory factual allegations devoid of any reference to actual events.  Jaguar Tech. Inc. v. Cable-LA, Inc., et al., 229 F.Supp.2d 453, 455 (D. Md. 2002) (citations omitted).

## DISCUSSION

3

I.      **Count I:  Breach of Contract Claim**

Defendant offers three arguments in support of its Motion to Dismiss Plaintiff's breach of contract claim.  First, Defendant argues that Plaintiff has failed to plead the existence of a valid agreement.  Second, Defendant argues that the E-mail prepared by NAPA's counsel proves that no such agreement existed.  Third, Defendant argues that Plaintiff's actions on June 25, 2004, when Williams claims she accepted and executed NAPA's offer, constituted a counter-offer, and thereby a rejection of any deal.  The Court will address each of Defendant's arguments in turn.

A.      Defendant Argues that Plaintiff Has Failed to Show the Requisite Mutual Assent.

Defendant first argues that Plaintiff has failed to plead the existence of a valid agreement.  Specifically, NAPA asserts that Williams's Complaint fails because she does not allege that NAPA accepted the settlement terms of what NAPA characterizes as Plaintiff's June 24, 2004 offer.

"To survive a motion to dismiss, a complaint for breach of contract must allege facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant."  Swedish Civ. Aviation Admin. v. Project Mgmt. Enters., 190 F. Supp. 2d 785, 791 (D. Md. 2002) (citing Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc., 369 A.2d 566, 569 (Md. 1977)).  In this case, Plaintiff alleges that the parties reached an agreement and that Defendant breached that agreement.  Specifically, Plaintiff's Complaint alleges that the parties reached an agreement whereby NAPA would pay Williams severance and benefits in exchange for Williams releasing NAPA from all liability arising from her employment.

The Court notes that Defendant's argument in its Motion to Dismiss focuses on whether Plaintiff can substantively demonstrate the elements of a valid contract, rather than on the legal sufficiency of the

4

allegations in Plaintiff's Complaint.  "Under the liberal pleading requirements of the Federal Rules of Civil

Procedure, it is not necessary for a plaintiff to set out in detail the facts upon which her claim is based."

Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998).  As such, Defendant's

argument is more appropriate for a subsequent stage in the proceedings.  Indeed, Plaintiff is only required

at this stage to make "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

Karpel, 134 F.3d at 1227 (quoting Fed.R.Civ.P. 8(a)(2).)  Thus, Plaintiff has met notice pleading

standards.[1]

Defendant additionally argues that the Release Agreement was unilateral in nature.  As evidence

in support of that proposition, Defendant points to the fact that the Release Agreement contained no

signature block for NAPA.[2]  In Maryland, the presence or lack of a signature block is not dispositive of

assent.  Porter v. General Bolier Casing Co., Inc., 396 A.2d 1090, 1095 (Md. 1979).  Indeed, in certain

circumstances, signatures are not required to bring a contract into being.  Id. ("There need be no signatures

unless the parties have made them necessary at the time they expressed their consent.").  Furthermore, this

Court recognizes that, under Maryland law, oral agreements are binding and enforceable.  See Barranco

v. Barranco, 604 A.2d 931, 934 (Md. Ct. Spec. App. 1992).

---

[1]Even if it were appropriate at the motion to dismiss stage to examine Defendant's substantive allegations, any inferences drawn at this juncture are in Plaintiff's favor.  Accordingly, Defendant's argument would still fail at this juncture because the Court can infer from the Complaint that Plaintiff alleges that NAPA offered her the Release agreement, which she accepted.

[2]The Release itself, however, which Defendant has attached to its Motion to Dismiss and Plaintiff has explicitly referenced in the Complaint, clearly states in paragraph 5:  "[A]s consideration for the Releasor's execution of this Release and in full, final, and complete settlement, the Company shall make payment or provide benefits to Releasor."

As noted above, Plaintiff has met the notice pleading standard of making a short and plain statement of the claim showing that the pleader is entitled to relief.  Again, the Court believes that Defendant is inappropriately challenging the substantive merit of the claim here rather than whether it has been sufficiently alleged.  At the motion to dismiss stage, a plaintiff "does not have to forecast evidentiary support for [her] allegations."  Swedish Civ. Aviation Admin. v. Project Mgmt. Enters., 190 F. Supp. 2d at 791. Accordingly, this Court finds that Plaintiff's Complaint meets the notice pleading standards.

      B.      Defendant Argues that E-mail Correspondence Shows that there is No Agreement.

Defendant next argues that contemporaneous writings prepared by NAPA's counsel make clear that there was no agreement.  Defendant points to two of the exhibits attached to its Motion to Dismiss in support of this argument:  (1) the Release Agreement; and (2) an E-mail from Defendant's counsel to Plaintiff's counsel.[3]

As a general rule, extrinsic evidence may not be considered in conjunction with a motion to dismiss. Am. Chiropractic v. Trigon Healthcare, 367 F.3d 212, 234 (4th Cir. 2004).  However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'"  Id. (citing Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

Here, Defendant asserts that both the E-mail and the Release Agreement are integral to Plaintiff's

---

[3]The E-mail contains disclaimers and unequivocally indicates that there is no deal and that the discussions have been informal and non-binding.  The E-mail represents parol evidence that is best evaluated at a later stage in the proceedings in conjunction with other parol evidence.  See Gasner v. County of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (whether the defendant "may rely upon particular documentary exhibits is a matter best left for later resolution.").

claims and are explicitly referenced in the Complaint, where Plaintiff states that the parties "reduced the [settlement] terms to <u>writing</u>." (emphasis added). The Court disagrees. The Court finds that the Release Agreement is referenced in the Complaint when it states the parties reduced the settlement terms to writing. However, the E-mail is neither integral to nor explicitly relied upon by the Complaint; Defendant attempts to shoehorn the phrase "reduced the settlement terms to writing" to encompass the E-mail.[4] The Court finds that, while the Release Agreement can be reviewed without turning Defendant's motion into one for summary judgment, the E-mail cannot.       The Court will therefore only consider Defendant's argument with respect to the Release Agreement. The Court, however, has previously rejected Defendant's argument that the Release Agreement is unilateral in nature. <u>See supra,</u> p. 5. Thus, Defendant's argument fails.

      C.     <u>Defendant Argues that Plaintiff's Alleged Acceptance Demonstrates a Counter-Offer</u>.

Defendant next argues that Plaintiff's actions in executing the Release Agreement on June 25, 2004 constituted a counter-offer, invalidating any prior agreement. On June 25, 2004, Williams asked NAPA when it intended to issue her final pay check, stipend, and bonus for call pay.[5] Defendant argues that this request, contemporaneous with executing the Release, amounted to a counter-offer. In Maryland, "a qualified or conditional acceptance is a counteroffer and rejects the original offer." <u>Post v. Gillespie</u>, 149

---

     [4]The Court notes that Plaintiff disputes that the E-mail genuinely represents the parties' understanding.

     [5]Defendant has attached to its Motion to Dismiss a letter from Plaintiff's counsel to Defendant's counsel through which Plaintiff made this inquiry. At this stage of the proceedings, the Court need not decide whether or not to consider the actual text of the letter, as that decision would not affect the ruling on the instant Motion to Dismiss. The letter would not impact the decision, because Plaintiff claims that the parties previously agreed that these items were separate from any settlement agreement.

A.2d 391, 396 (Md. 1959). Defendant argues that the letter as a conditional acceptance and counter-offer invalided any deal. The Release Agreement clearly states that it covers:

> ... all of Releasor's compensation of every kind, character or description, whether independent contractor payments, wages, commissions, bonuses, expenses, vacation pay, or otherwise and that the Company owes Releasor no monies other than as provided in this Release. (Paragraph 3)

Plaintiff claims, however, that the parties had previously agreed that these items (final pay check, stipend, and bonus for call pay) were separate from and not part of the settlement agreement. As previously indicated, at this stage in the proceedings, the Court will consider all facts in the light most favorable to Plaintiff. Accordingly, Defendant's argument fails at this juncture. However, Defendant will have an opportunity to argue in subsequent stages of these proceedings to argue that counsel's letter on June 25, 2004 was a rejection of the Release Agreement and constituted a new offer.

> D.    Defendant Argues that Counsel Cannot Bind a Client Absent Express Authority.

Defendant next argues that, insofar as Plaintiff alleges that Defendant's counsel represented that the parties had an agreement, these representations were not binding. Defendant asserts that counsel cannot compromise an action absent express authority. Posko v. Climatic Control Corp., 84 A.2d 906, 909 (Md. 1951); Kinkaid v. Cessna, 430 A.2d 88, 90 (Md. Ct. Spec. App. 1981). In Maryland, however, the actions of an attorney within the scope of employment are binding upon a client under the ordinary principles of agency. Salisbury Beauty Sch. v. State Bd. of Cosmetologists, 300 A.2d 367, 376 (Md. 1973). The Court notes that Defendant presents absolutely no evidence that Defendant's counsel lacked the requisite authority to enter into a settlement agreement. Furthermore, the Court would not

consider such evidence, had counsel produced it, as such evidence would be inappropriate for the motion to dismiss stage.  Based on all of the foregoing, Defendant's motion to dismiss is denied with respect to Count I.

**II.      Count II:  Damages Sought for Wage Withholding Claim**

Defendant argues that Plaintiff has failed to state a claim that would support treble damages pursuant to a violation of the Maryland Wage Payment Collection Act.  Specifically, Defendant argues that Plaintiff's allegation did not include the requisite element of bad faith.  As noted previously, all Plaintiff need do is make "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Karpel, 134 F.3d at 1227 ( quoting Fed.R.Civ.P. 8(a)(2).)  Defendant has been put on notice that Plaintiff is seeking treble damages, and Plaintiff has met the notice pleading standard.

Defendant claims that, contrary to the requirement that Plaintiff plead that Defendant acted in bad faith, Plaintiff affirmatively pled that the parties negotiated in good faith.  Defendant further asserts that Plaintiff's factual allegations do not permit an inference that Defendant acted in bad faith.  The Court disagrees.  Plaintiff's characterization of negotiations as being in good faith for one period does not proscribe the possible inference of bad faith for a subsequent course of dealing.  Indeed, whether Defendant acted in good faith is a factual question.  Medex v. McCabe, 811 A.2d 297, 307 (Md. 2002). Accordingly, the motion to dismiss Count II to the extent that it seeks treble damages is denied.

**III.     Count III:  Promissory Estoppel Claim**

Defendant next argues that Plaintiff's promissory estoppel claim fails because Plaintiff cannot show the existence of a clear and definite promise.  Again, to survive a motion to dismiss, all Plaintiff need do is

make "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Karpel</u>, 134 F.3d at 1227 <u>quoting</u> Fed.R.Civ.P. 8(a)(2).  Here, the Complaint states that "Dr. Williams, in reliance on the settlement agreement proposed by NAPA, agreed to separate from her ... position."  The Complaint puts Defendant on notice that Plaintiff will argue that she reasonably relied upon Defendant's promise to her detriment.

The Court further notes that Defendant does not argue that Plaintiff failed to properly state her promissory estoppel claim in the Complaint, but rather that the promise was, in fact, neither clear nor definite.  First, Defendant's argument is premature and more appropriate for summary judgment.  Second, insofar as Defendant's argument rests upon the E-mail that this Court has previously explained it will not consider in conjunction with Defendant's Motion to Dismiss, Defendant's argument fails.  Accordingly, Defendant's Motion to Dismiss Count III is denied.

## IV.      <u>Count IV:  Fraud Claim</u>

Finally, Defendant asserts that Plaintiff has not met the requisite standard for pleading a fraud claim.  Under Federal Rule of Civil Procedure 9(b), averments of fraud shall be stated with particularity.  However, allegations of malice, intent, and knowledge may be averred to generally.  Fed.R.Civ.P. 9(b).  Plaintiff's Complaint alleges that "NAPA <u>knew</u> its representations were false when it made them." (emphasis added).  As such, Plaintiff has generally alleged a state of mind sufficient to show knowledge.  Furthermore, insofar as Defendant's argument rests upon the excluded E-mail, Defendant's argument fails.  Accordingly, Defendant's Motion to Dismiss Count IV is denied.

## CONCLUSION

For the aforementioned reasons, the Court rejects Defendant's Motion to Dismiss Counts I, III, IV of Plaintiff's Complaint, and Count II with respect to Plaintiff's allegations of treble damages, costs and attorney's fees pursuant to §3-507.1 of the Maryland Wage Payment and Collection Law.  An Order consistent with this Opinion will follow.


June 15, 2005                                    _____/s/_____
Date                                             Alexander Williams, Jr.
                                                 United States District Court