**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **KAREN WILLIAMS, DR.** | |
| **Plaintiff,** | |
| v. | Civil Action No. AW-04-3369 |
| **NORTH AMERICAN PARTNERS IN ANESTHESIA (MARYLAND), LLC,** | |
| **Defendant.** | |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff Karen Williams' Second Motion for Leave to File Amended Complaint [40]. The Court has reviewed the pleadings and applicable law and has determined that a hearing is unnecessary. *See* Local Rule 105(6) (D. Md. 2004). For the reasons that follow, Plaintiff's motion is granted.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides that once a responsive pleading has been served, "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires." Fed. R. Civ. P. 15(a). The general standard for determining "when justice so requires" is as follows:

> In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'

*Forman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant leave to amend falls within the discretion of the trial court; however, "federal rules strongly favor granting leave to

amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n*, 985 F.2d 164, 167-68 (4th Cir. 1993). Indeed, the function of Rule 15(a) "is to enable a party to assert matters that were overlooked or were unknown at the time he filed his original complaint." *Donovan v. Porter*, 584 F.Supp. 202, 207 (D. Md. 1984) (citations omitted). A motion to amend under Rule 15(a) "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

**DISCUSSION**

Karen Williams ("Williams" or "Plaintiff") brings this suit against her former employer, North American Partners in Anesthesia (Maryland), LLC ("NAPA"), asserting claims stemming from an alleged breach of a settlement agreement negotiated when Plaintiff sought to end her employment relationship with NAPA. On September 27, 2005, the Court granted Plaintiff's first Motion for Leave to File Amended Complaint. Plaintiff now seeks to further amend her Complaint, contending that amendment is necessary so that the facts alleged in the pleadings will conform to evidence developed during discovery (which has already closed in this matter).

Defendant argues that amendment should be denied because the sheer multitude of factual changes that Plaintiff seeks to make will substantially alter the nature of this action. Upon reviewing the proposed amendments, however, the Court cannot agree. Although Plaintiff proposes numerous factual amendments, she asserts no new substantive claims. As such, the Court finds that the essence of the complaint has not been significantly transformed, and Defendant is unlikely to be prejudiced by the proposed amendments. *See Edwards*, 178 F.3d at 243 ("[p]rejudice . . . could hardly flow" from the addition of allegations "derived from evidence obtained during discovery

regarding matters already obtained in the complaint in some form"); *see also Connelly v. General Medical Corp.*, 880 F. Supp. 1100, 1110 (E.D. Va. 1995) (no prejudice where amendment involved new factual allegations and "the Court [could] easily stir these new allegations into the analytical brew of [the] case and still apply the same controlling legal principles").

Defendant also contends that amendment should be denied because the majority of proposed changes concern facts that were known to Plaintiff from the beginning of this lawsuit. Plaintiff, for her part, asserts that her motion to amend was prompted by deposition testimony and documents produced for the first time during discovery. The Court notes that even if it were inclined to review the undoubtedly voluminous material generated through discovery, it would have little basis to determine whether, or to what degree, facts adduced during the course of litigation were known to Plaintiff at the commencement of this suit. As such, the Court will accept Plaintiff's contention that she seeks to amend her complaint to conform with evidence developed through discovery.

Defendant's remaining arguments are also unavailing. Although Defendant argues that amendment will be prejudicial because discovery has already closed and Plaintiff's proposed amendments may require Defendant to re-depose Plaintiff and a second witness, the need for additional discovery, in and of itself, does not constitute undue prejudice. *Cf. Robinson v. Geo. Licensing Co.*, 173 F.Supp 2d 419, 426 (D.Md 2001) (finding that additional discovery will not prejudice defendants where discovery was ongoing and the trial date months away). Here, although discovery has officially closed, there have been no dispositive motions filed in this case, nor has a trial date been set. In addition, the Court has previously granted an extension of the discovery deadline, and Defendant could move for further extension if the circumstances so warrant. Finally, Defendant suggests that the instant motion for leave to amend should not be granted because the

Court already granted Plaintiff's prior motion for leave to amend. This argument fails because neither the Rules of Civil Procedure nor any controlling legal authority prescribe a limit on the number of times a litigant may seek to amend her complaint and, as previously discussed, Plaintiff seeks to amend on the basis of evidence allegedly discovered *after* the earlier amendment.

In sum, there is no indication here that Plaintiff's motion was made in bad faith or as part of an effort to impede the course of litigation, nor is Plaintiff attempting to surprise the Defendant with new issues that would change the nature of this case upon the eve of trial. Accordingly, this Court finds any delay in filing the proposed amendments reasonable given the time frame of discovery and the facts and circumstances surrounding this case.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Second Motion for Leave to File Amended Complaint [40]. An Order consistent with this Opinion shall follow.


May 2, 2006    /s/
Date           Alexander Williams, Jr.
               United States District Judge